UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

PATRICK DEJEAN,

                Plaintiff,                CV-06-6317 (SJF)(AKT)

    -against-

                                            **OPINION & ORDER**

COUNTY OF NASSAU, KATHLEEN RICE,
District Attorney, individually and in her official
capacity, STEVEN L. SCHWARTZ, Assistant
District Attorney, individually and in his official
capacity, GREGORY HECHT, Associate Court Clerk
of the District Court of Nassau County, individually
and in his official capacity,

                Defendants.
----------------------------------------------------------X

FEUERSTEIN, J.

On November 20, 2006, *pro se* plaintiff Patrick DeJean (plaintiff) commenced this action against the County of Nassau, Kathleen Rice, the Nassau County District Attorney, Steven L. Schwartz, Assistant District Attorney (collectively, the County defendants), and Gregory Hecht, Associate Court Clerk of the District Court of Nassau County (Hecht), all in their individual and official capacities, alleging violations of 18 U.S.C. §1983. By order dated October 25, 2007, I granted Hecht's motion pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure for judgment on the pleadings and dismissed the complaint as against him. Plaintiff now moves for reconsideration of the October 25, 2007 order. For the reasons set forth below, plaintiff's application is denied.

1

I.     Reconsideration

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 (Local Rule 6.3), which requires, *inter alia*, that a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked" be served within ten (10) days after the entry of the court's order determining the original motion. The requirements of Local Rule 6.3 are strictly construed. See, U.S. v. Gross, No. 98 CR 0159, 2002 WL 32096592, at * 3 (E.D.N.Y. Dec. 5, 2002); PAB Aviation, Inc. v. U.S., No. 98 CV 5952, 2000 WL 1240196, at * 1 (E.D.N.Y. Aug. 24, 2000).

Plaintiff's application for reconsideration is dated December 5, 2007, more than ten (10) days after the date the October 25, 2007 order was entered. Thus, plaintiff's application is denied as untimely.

Even if timely, plaintiff's application would be denied. In determining a motion for reconsideration, the court should consider (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a need to correct a clear error or prevent manifest injustice. Gross, 2002 WL 32096592, at * 3. A party may not use a motion to reconsider as an opportunity to reargue the same points previously raised; to advance new arguments, which are deemed waived; or to introduce new evidence that should have been advanced on the previous motion or which could have been discovered in the exercise of due diligence. Gross, 2002 WL 32096592, at * 4; PAB Aviation, 2000 WL 1240196, at * 1. The purpose of a motion to reconsider is to allow the court to correct its own mistake, by calling to its attention a factual matter or a controlling precedent previously advanced by the parties, but overlooked by the court.

2

PAB Aviation, 2000 WL 1240186, at * 1; Construction Industry Services Corp. v. Hanover Ins. Co., 206 F.R.D. 43, 54 (E.D.N.Y. 2002). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. Gross, 2002 WL 32096592, at * 4.

Plaintiff contends, in effect, (1) that Hecht served his motion for judgment on the pleadings while plaintiff was being transferred to a new correctional facility; (2) that as a result of the transfer, plaintiff was delayed in filing a motion for a default judgment against Hecht; (3) that Hecht took "advantage of [his] handicap situation been [sic] incarcerated," by filing the motion when he did; and (4) that he would have responded to Hecht's motion if he had been given the opportunity. Contrary to the implication in plaintiff's application, plaintiff was clearly aware of Hecht's motion insofar as he filed a letter in response to the motion dated July 16, 2007. By order dated August 1, 2007, plaintiff was directed to respond to Hecht's motion by August 31, 2007. Plaintiff was clearly aware of that August 1, 2007 order, insofar as he misconstrued that order to grant his application for the appointment of counsel, as evidenced by his letter to the Court dated September 18, 2007. By order dated September 25, 2007, plaintiff was advised that his application for the appointment of counsel was denied and he was directed to respond to Hecht's motion by October 15, 2007. It was only after plaintiff failed to file any opposition to Hecht's motion in accordance with that September 25, 2007 order that Hecht filed his motion as unopposed. Moreover, plaintiff did not advise the Court of his transfer to Auburn Correctional Facility until his letter dated November 6, 2007, after Hecht's motion for judgment on the pleadings had been granted.

Upon review of plaintiff's contentions, I find that I did not overlook any factual matter or controlling precedent in the October 25, 2007order granting Hecht's motion for judgment on the

pleadings and dismissing the complaint as against him. Thus, plaintiff's application for reconsideration of the October 25, 2007 order is denied.

III. CONCLUSION

Plaintiff's motion for reconsideration of the October 25, 2007 order is denied.

SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: December 18, 2007
       Central Islip, New York

Copies to:

Patrick DeJean, *pro se*
07A2933
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13024

Nassau County Attorney's Office
1 West Street
Mineola, New York 11501
Attn: Sondra M. Mendelson, ADA

New York State Attorney General's Office
200 Old Country Road, Suite 460
Mineola, New York 11501
Attn: Toni E. Logue, A.A.G.